[PHILADELPHIA, DECEMBER 29, 1828.]

## In the Matter of the Petition of HENRY SHOEMAKER.

Where, in a deed conveying land, and reserving a rent charge, the grantor cove-
nants, upon the grantee paying, within seven years, a gross sum, together
with all arrearages, &c., to release and discharge the rent, the gran-
tee cannot, after the lapse of eighteen years from the time prescribed in
the deed, call upon the grantor to perform his covenant.

T HIS case came before the court on a petition presented by *Hen-
ry Shoemaker,* under the act of assembly of the 5th of *February,*
1821, entitled, " A further supplement to an act entitled, ' An act
to enable executors and administrators, by leave of court, to convey
lands and tenements, contracted for with their decedents, and for
other purposes therein mentioned, passed the thirty-first day of
*March,* 1792.' "

The petition, in substance, set forth *John H. Brinton,* and *Jona-
than W. Condy,* of the city of *Philadelphia,* Esqrs., by their deed
of the 7th of *May,* 1803, granted to *Henry Hurst,* in fee, a certain
lot of ground, situate on the south side of *Sassafras* Street, between
*Del ware Eighth* and *Ninth* Streets, in the said city, reserving to
the grantors, their heirs and assigns, a ground rent of fifty-three
dollars, and thirty-three cents *per annum:* That, by the said deed,
it was provided, " that if the said *Henry Hurst,* his heirs and as-
signs, should, at any time within seven years, pay or cause to be
paid, to the said *John H. Brinton* and *Jonathan W. Condy,* their
heirs and assigns, the sum of eight hundred and eighty-eight dollars,
and eighty-four cents, and all arrearages of rent to the time of pay-
ment, then the same should, for ever thereafter, cease and be extin-
guished, and the covenant, upon payment thereof, should become void,
and then they, the said *John H. Brinton,* and *Jonathan W. Con-
dy,* their heirs and assigns, would execute a release and discharge of
the said yearly rent, to the said *Henry Hurst,* his heirs and assigns
for ever: That the said *John H. Brinton* and *Jonathan W. Con-
dy,* for themselves, their heirs, executors, and administrators, co-
venanted that the said *Henry Hurst,* his heirs and assigns, paying
the rent and taxes, or extinguishing the same, and performing the co-
venants, should hold the said lot of ground, and receive the rents
and profits thereof without molestation from the grantors, or any
persons claiming under them: That, by sundry mesne conveyan-
ces, the title to the said rent charge became vested in *John D.
Coxe,* who died, having appointed *Daniel W. Coxe, Joseph Reed,*
and *John Watmough,* his executors: That the petitioner had become
legally seised in fee of the said lot of ground, subject to the cove-
nants running with the land, as contained in the above deed to *Hen-
ry Hurst:* That the conveyance of the said lot of ground, upon the
condition that he would pay the sum of eight hundred and eighty-
eight dollars and eighty-four cents, to the grantors, within seven
years, the petitioner conceived to be, in equity, a mere loan of mo-

ney by the pledge of the estate, in the nature of a mortgage: That the covenant to pay the said sum of money, by the said *Henry Hurst*, could now be substantially performed by the petitioner, according to the real intent and meaning of the parties: That the deed contained no provision restricting the said *Henry Hurst*, or his assigns, as to the time of paying the said sum of money; but, only, that he should not be called upon, by them, to pay it within seven years; and, on the contrary, it was provided, that if the said *Henry Hurst*, his heirs or assigns, should extinguish the said rent, they should hold the lot freely, peaceably, and quietly for ever; and take the rents and profits thereof, without any molestation, interruption, or eviction of the grantors, or their heirs, or any other persons claiming under them. The petitioner, therefore, prayed the court to make an order, authorizing and requiring the executors of *John D. Coxe*, on payment to them of the arrearages of the said rent, with the interest that might be due thereon, together with the additional sum of money mentioned in the deed, to make and execute a sufficient release or discharge of the said yearly rent, to the petitioner, according to the true intent and meaning of the parties.

Upon this petition, a citation issued to the executors of *John D. Coxe*, returnable on the 15th of *December*, 1828, to answer the complainant on his petition.

*Davis*, for the complainant.

*Reed*, for the respondents.

PER CURIAM.—The petitioner insists on a right to redeem, after the lapse of eighteen years from the period fixed by the parties, on the ground, that, in equity, time is not of the essence of the contract. It is, however, clearly so here. The rent charge happens to be of more value now, than the sum prescribed in the conveyance to be paid for it. *Hurst* stipulated for seven years, in which to make his election, and the petitioner, claiming under him, demands twenty-five. No compensation is offered, nor could we enforce the acceptance of it, without driving the respondents into a new contract. Had the rent charge been of less value than the money, the petitioner could not have been compelled to redeem; and his prayer is, therefore, manifestly inequitable.

                                        Petition dismissed.