**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 9, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MIKEAL GLENN STINE,

      Petitioner - Appellant,

v.

J. OLIVER, (Warden),

      Respondent - Appellee.

No. 15-1144
(D.C. No. 1:14-CV-01829-RBJ)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.[**]

Petitioner-Appellant Mikeal Glenn Stine, a federal inmate appearing pro se,

appeals the district court's dismissal of his petition for a writ of habeas corpus

under 28 U.S.C. § 2241. Stine v. Berkebile, No. 14-cv-01829, 2015 WL 1588920

(D. Colo. April 6, 2015). Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. Stine challenges the validity of a prison discipline sanction that resulted in a loss of 27 days good conduct time credits, and a loss of 60 days of commissary privileges, phone privileges, and visiting privileges. 1 R. 89. Mr. Stine claims that his right to due process has been violated because there was "no evidence" to support the sanction for a violation of Code 296 of 28 C.F.R. § 541.3, specifically attempted use of mail for abuses other than criminal activity.[1]

An inmate has a liberty interest in earned good time credits and those credits may not be taken away without minimal due process required by the Fourteenth Amendment. Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 811 (10th Cir. 2007). In a prison discipline action, due process requires only that "some evidence" support a disciplinary conviction; even "meager" evidence will suffice. See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 457 (1985).

The Bureau of Prison discovered that Mr. Stine had obtained through the mail copies of the docket and other filings (which it considered security sensitive)

---

[1] Code 296 prohibits "use of the mail for abuses other than criminal activity which circumvent mail monitoring procedures (e.g., use of the mail to commit or further a High category prohibited act, special mail abuse; writing letters in code; directing others to send, sending, or receiving a letter or mail through unauthorized means; sending mail for other inmates without authorization; sending correspondence to a specific address with directions or intent to have the correspondence sent to an unauthorized person; and using a fictitious return address in an attempt to send or receive unauthorized correspondence)." See 28 C.F.R. § 541.3.

in another inmate's case.  Mr. Stine argues he was permitted to have those materials, so his receipt and possession of them cannot be an abuse of the mail. He maintains that his lawyer sent the filings to aid his ongoing case and denies he was prohibited from possessing them because they were available to inmates through the prison's electronic law library.

The record indicates Mr. Stine did not raise these precise defenses in his disciplinary hearing.  Rather, Mr. Stine claimed that (1) another inmate requested his legal assistance and (2) his lawyer told him to copy the documents.  Notably, the other inmate denied making this request, and Mr. Stine's lawyer could not recall instructing his client to make copies.

Given the inconsistencies in Mr. Stine's defense considered by the hearing officer and the obvious difference in the tenor of Mr. Stine's subsequent justification, we cannot conclude that the proceeding does not comport with the demands of due process.  Mr. Stine was provided with the appropriate due process protections and the result is supported by some evidence.

AFFIRMED.  We GRANT Mr. Stine's motion for leave to proceed on appeal *in forma pauperis*.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 3 -